IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

MELVIN C. LEWIS,

        Plaintiff,

  v.

AMANDA MILLER, Investigator,
Binghamton Police Department,
*et al.*,

        Defendants

Civil Action No.
3:19-CV-0358 (LEK/DEP)

---

APPEARANCES:

OF COUNSEL:

FOR PLAINTIFF:

MELVIN C. LEWIS, *Pro Se*
Prisoner ID No. 123500
Broome County Correctional Facility
P.O. Box 2047
Binghamton, NY 13902-2047

FOR DEFENDANT:

NONE

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER, REPORT, AND RECOMMENDATION

*Pro se* plaintiff Melvin C. Lewis, a pretrial detainee who is currently confined to the Broome County Correctional Facility ("BCCF"), has

commenced this action pursuant to 42 U.S.C. § 1983 against, *inter alia*, a sitting city court judge, a police investigator, and an assistant district attorney, alleging a number of civil rights violations.

Plaintiff's complaint, application for leave to proceed *in forma pauperis* ("IFP"), and motion for the appointment of counsel have been forwarded to me for review. Because plaintiff is subject to the "three strikes" provision of 28 U.S.C. § 1915(g), and has not established a basis to invoke the imminent danger exception to that rule, I deny plaintiff's application for leave to proceed without prepayment of fees and deny his request for the appointment of counsel.

I.   BACKGROUND

Plaintiff commenced this action on or about March 22, 2019 by the filing of a complaint, which was accompanied by motions for the appointment of counsel and for leave to proceed without prepayment of fees. Dkt. Nos.1-4. In his complaint, plaintiff claims that he was subjected to a number of constitutional infirmities, including false arrest and malicious prosecution, arising out of an incident that occurred at his residence on May 19, 2018 and his subsequent arrest and prosecution for second degree assault. *See generally* Dkt. No. 1. In particular, plaintiff

alleges that he was not afforded the benefit of the justification defense pursuant to Article 35 of the New York Penal Law. *See generally id*.

Following the initial administrative closure of this action, plaintiff submitted an amended application for leave to proceed without the full prepayment of fees.[1] Dkt. Nos. 5, 6. That IFP application includes the requisite certification of the amounts of money in plaintiff's prison account as well as an indication of his average account balance over the past six months. Dkt. No. 6 at 2.

## II. DISCUSSION

### A. Three Strikes Provision

When a civil action is commenced in a federal district court, the statutory filing fee, which is currently set at $350.00, must ordinarily be paid.[2] 28 U.S.C. § 1914(a). In this case, from his application, plaintiff appears to satisfy the financial requirements to qualify for IFP status. The

---

[1] Plaintiff's initial request for leave to proceed IFP, Dkt. No. 2, was rejected as incomplete, and he was ordered, on March 19, 2019, to either pay the full $400.00 filing fee in advance or submit a completed and signed IFP application within thirty days. Dkt. No. 5.

[2] The total cost for filing a civil action in this court is $400.00, consisting of the civil filing fee of $350.00, and an administrative fee of $50.00. Although an inmate that has been granted IFP status is not required to pay the $50.00 administrative fee, he is required to pay, over time, the full amount of the $350.00 filing fee regardless of the outcome of the action. 28 U.S.C. § 1915(b)(3).

court must determine, however, whether plaintiff is barred from proceeding with that status by the "three strikes" rule of 28 U.S.C. § 1915(g). Section 1915(g) provides that

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on [three] or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The manifest intent of Congress in enacting this "three strikes" provision was to deter the filing of multiple, frivolous civil rights suits by prison inmates. *Tafari v. Hues*, 473 F.3d 440, 443-44 (2d Cir. 2007) (citing *Nicholas v. Tucker*, 114 F.3d 17, 19 (2d Cir. 1997)); *see generally Jones v. Bock*, 549 U.S. 199, 202-04 (2007) (discussing Congressional intent behind the Prison Litigation Reform Act and efforts to relieve the district courts' congested dockets of frivolous claims filed by prisoners). The prophylactic effect envisioned under section 1915(g) is accomplished by requiring a prisoner who has accumulated three strikes to engage in the same cost-benefit analysis before filing suit as other civil litigants engage in—that is, the provision forces inmates to assess whether the result sought to be achieved justifies the payment of the filing fee in

4

advance, rather than in installments as provided under 28 U.S.C. § 1915(b). *Tafari*, 473 F.3d at 443.

The Second Circuit has defined a frivolous claim as one that " 'lacks an arguable basis either in law or in fact.' " *Tafari*, 473 F.3d at 442 (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). To determine whether a dismissal satisfies the failure-to-state-a-claim prong of section 1915, courts look to Rule 12(b)(6) of the Federal Rules of Civil Procedure for guidance. *Tafari*, 473 F.3d at 442. The question of whether the dismissal of a prior action constitutes a strike for purposes of section 1915(g) is a matter of statutory interpretation, and as such a question for the court. *Id.*

Although his complaint is notably devoid of any reference to his prior actions, or the "three strikes" rule, plaintiff is undeniably well-aware of the rule because it has been enforced against him on at least two occasions by this court. *See Lewis v. Bellamy*, No. 10-CV-1154 (N.D.N.Y., filed 9/27/2010), at Dkt. No. 4; *Lewis v. Healy*, No. 08-CV-0148 (N.D.N.Y., filed 2/8/2008), at Dkt. Nos. 32, 33.[3] Based upon the foregoing, as well as the

---

[3] In *Lewis v. Healy*, the court relied upon *Lewis v. Corp. City of Binghamton, et al.*, No. 07-CV-4674 (S.D.N.Y., filed 6/4/2007), *Lewis v. Donahue, et al.*, No. 04-CV-1452 (N.D.N.Y., filed 12/15/2004), and *Lewis v. City of Binghamton, et al.*, No. 97-CV-1823 (N.D.N.Y., filed 12/15/1997), in determining that plaintiff previously accumulated three strikes pursuant to section 1915(g). *See Lewis v. Healy*, No. 9:08-CV-148, 2008 WL 5157194, at *4-*5 (N.D.N.Y. Dec. 8, 2008) (Kahn, J. *adopting report and recommendation of* Peebles, M.J.).

docket sheets for the actions found to constitute strikes for plaintiff, I conclude that he has brought actions on three occasions that have been dismissed pursuant to 28 U.S.C. § 1915(e)(2). Accordingly, absent the applicability of the imminent danger exception, plaintiff is subject to the provisions of 28 U.S.C. § 1915(g), and thus may properly be required to prepay in full the applicable filing fee in order to pursue his claims, notwithstanding the court's conclusion that he would otherwise qualify for IFP status. *See McFadden v. Parpan*, 16 F. Supp. 2d 246, 247-48 (E.D.N.Y. 1998).

    B.    <u>Imminent Danger Exception</u>

As a safety valve, section 1915(g) provides that a prisoner who is in "imminent danger of serious physical injury" may avoid application of the three strikes rule of section 1915(g). 28 U.S.C. § 1915(g); *see Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002). In accordance with this exception, an inmate who has had three prior "strikes" but nonetheless wishes to commence a new action IFP, must show that he was under imminent danger at the time of filing; that exception, however, does not provide a basis to avoid application of the three strikes on the basis of past harm. *Malik*, 293 F.3d at 562-63. An inmate who claims the benefit of this exception must also show that the danger faced rises to the level of

exposure to a "serious physical injury." 28 U.S.C. § 1915(g). The imminent danger claimed by the inmate, moreover, must be real and not merely speculative or hypothetical. *Johnson v. Barney*, No. 04-CV-10204, 2005 WL 2173950, at *1-2 (S.D.N.Y. Sept. 6, 2005) (finding that inmate's allegation of danger at facility he was not housed at, but may pass through at infrequent occasions in the future, does not establish imminent danger).

For a three-strikes litigant to qualify for the imminent danger exception, his complaint "must reveal a nexus between the imminent danger it alleges and the claims it asserts." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009). When determining whether the requisite relationship is present a court must examine "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would *redress* that injury." *Id.* at 298-99 (emphasis in original).

The term "serious physical injury," as utilized in section 1915(g), is nowhere concretely defined, although it has been construed by various courts as including a "disease that could result in serious harm or even death[.]" *Ibrahim v. D.C.*, 463 F.3d 3, 7 (D.C. Cir. 2006). In deciding whether to invoke the exception, a court must examine the available

pleadings, construed in a light most favorable to the plaintiff, to determine whether the plaintiff has alleged a serious physical injury. *McAlphin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002).

Here, plaintiff's complaint challenges his criminal prosecution, and makes no mention of the purported imminent danger of serious physical injury that he faces, beyond a cursory and passing reference to cruel and unusual punishment. Dkt. No. 1 at 9. Where a plaintiff proceeds *pro se*, the complaint should be liberally construed and interpreted " 'to raise the strongest arguments [it] suggest[s].' " *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). Even construing plaintiff's allegations liberally, however, the court cannot conclude that plaintiff's complaint meets the "imminent danger" threshold necessary to overcome § 1915(g)'s three-strikes provision. Plaintiff therefore does not qualify for relief under the imminent danger exception to the three strikes rule.

C.    Plaintiff's Motion for Appointment of Counsel

Accompanying plaintiff's complaint in this action is plaintiff's request for the assignment of counsel to represent him in this action *pro bono*. Dkt. No. 4. The statute that governs IFP proceedings provides, in relevant part, that "[t]he court may request an attorney to represent any person unable to

afford counsel." 28 U.S.C. § 1915(e)(1); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). That section, however, does not require that counsel be appointed for every indigent civil litigant. Although the United States Constitution assures that indigent litigants have "meaningful access" to the courts, it does not guarantee that all such parties will receive the benefit of *pro bono* representation. *Hodge*, 802 F.2d at 60 (quoting *Bounds v. Smith*, 430 U.S. 817, 823 (1977)). Instead, section 1915(e) confers broad discretion on the courts to appoint counsel to deserving indigent litigants in appropriate circumstances. *Hodge*, 802 F.2d at 60-62.

While the appointment of counsel to represent indigent parties in civil suits is authorized by statute, when that authority is exercised, the court is required to call upon attorneys to donate their time *pro bono*, to the benefit of indigent litigants and the court. In deference to the limited resources available to the court to serve the interests of the many indigent litigants who pursue claims before them, and recognizing the "thankless burden" associated with such assignments, *Miller v. Pleasure*, 296 F.2d 283, 285 (2d Cir. 1961), courts should not grant such applications indiscriminately, but instead must exercise sound judgment and restraint in doing so. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 171-72 (2d Cir. 1989).

There is no bright line test to be applied when a *pro se*, indigent civil litigant seeks appointment of counsel. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). The factors informing the decision of whether to exercise discretion in favor of appointing counsel were summarized by the Second Circuit in its decision in *Hodge*:

> In deciding whether to appoint counsel . . . , the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61-62. In weighing these factors, each case must be decided on its own merits. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, J.) (citing *Hodge*, 802 F.2d at 61). Of these criteria, the Second Circuit has "stressed the importance of the apparent merits of the indigent's claim." *Cooper*, 877 F.2d at 172. While a plaintiff need not demonstrate that he can win his case without the aid of counsel, he does have to show "likely merit." *McDowell v. State of N.Y.*, No. 91-CV-2440, 1991 WL 177271, at *1 (S.D.N.Y. 1991).

In this case, after carefully reviewing plaintiff's complaint, the court concludes that the action is not likely of any substance.[4] For that reason, plaintiff's request for the appointment of counsel denied, without prejudice to renewal in the event the action proceeds.

III. <u>SUMMARY, ORDER, AND RECOMMENDATION</u>

The record now before the court firmly establishes that three prior civil rights actions, brought by plaintiff while a prison inmate, have been dismissed on their merits for failure to state claims upon which relief may

---

[4] For example, named in the complaint is Assistant District Attorney Anthony Frank. The claims against that defendant arise from his role in prosecuting criminal charges against plaintiff. It is well-established, however, that "prosecutors are entitled to absolute immunity for that conduct 'intimately associated with the judicial phase of the criminal process.' " *Hill v. City of New York*, 45 F.3d 653, 660-61 (2d Cir. 1995) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). "In determining whether absolute immunity [applies], we apply a 'functional approach,' looking to the function being performed rather than to the office or identity of the defendant." *Hill*, 45 F.3d at 660 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993)); *see also Bernard v. Cty. of Suffolk*, 356 F.3d 495, 504 (2d Cir. 2004) ("The appropriate inquiry . . . is not whether authorized acts are performed with a good or bad *motive*, but whether the *acts* at issue are beyond the prosecutor's authority."); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) (finding that prosecutorial immunity protects prosecutors from liability under section 1983 "for virtually all acts, regardless of motivation, associated with his function as an advocate").

In this case, plaintiff's allegations against defendant Frank are conclusory and unsupported by any factual enhancement, and therefore fail to satisfy the governing pleading requirements under Rule 8 and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See generally* Dkt. No. 1.

In addition, also named as a defendant is Hon. Carol A. Cocchiola, a sitting judge in the Binghamton City Court. "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Judge Cocchiola's role in presiding over plaintiff's criminal case is clearly part of her judicial responsibilities and is thus within the ambit of judicial immunity. *See generally* Dkt. No. 1.

be granted. The record also fails to reveal any basis to conclude that plaintiff is in imminent danger of serious physical injury, and therefore entitled to exemption from the three strikes provision of 28 U.S.C. § 1915(g). Accordingly, recognizing that the net result of these findings is not denial altogether of plaintiff's access to the courts, but instead only the requirement that he conclude that the pursuit of his civil rights claims justifies his expenditure of the full applicable filing fee in advance, it is hereby

ORDERED that plaintiff's amended application for leave to proceed in this action without prepayment of fees (Dkt. No. 6) is DENIED; and it is further

ORDERED that plaintiff's motion for appointment of counsel in this action (Dkt. No. 4) is DENIED, without prejudice to renewal; and it is further respectfully

RECOMMENDED that plaintiff's complaint (Dkt. No. 1) be DISMISSED as to all defendants and all claims without further order of the court unless plaintiff pays the full required filing fee within thirty days after the entry of a final order by the district court addressing this recommendation.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.[5] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

The clerk of the court shall serve a copy of this order, report, and recommendation on plaintiff in accordance with the local rules.

_____
David E. Peebles
U.S. Magistrate Judge

Date: April 10, 2019
      Syracuse, New York

---

[5] If you are proceeding *pro se* and are served with this order, report and recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order, report and recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).